# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

UNITED STATES OF AMERICA     §
    §
vs.     §     Case No. 4:07cr215
    §     (Judge Crone)
LATASHA JOHNSON     §

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 14, 2013, to determine whether Defendant violated her supervised release. Defendant was represented by Denise Benson. The Government was represented by Jay Johnson.

On July 10, 2008, Defendant was sentenced to sixteen (16) months' custody followed by three (3) years of supervised release for the offense of Counterfeit Securities of State and Private Entities. On September 27, 2010, Defendant's supervised release began.

On November 6, 2012, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: (1) the defendant shall not commit another federal, state or local crime. Violation allegations two, three, four, and five were dismissed by the Government.

The petition alleges that Defendant committed the following acts: (1) Defendant pleaded guilty to a criminal offense of Theft of Property, a Class B misdemeanor, Case No. 1268239 in County Criminal Court 7, Tarrant County, on September 20, 2012. Defendant was ordered to thirty days in jail and a fine of $100 plus $214 court costs; (2) Defendant pleaded guilty to a criminal offense of Theft of Property, a Class B misdemeanor, Case No. 1287538 in County Criminal Court

7, Tarrant County, on September 20, 2012. Defendant was ordered to thirty days in jail and a fine of $100 plus $214 court costs; and (3) Defendant was arrested for Theft, less than $1500, on October 30, 2012, by Pantego, Texas, Police. Defendant pleaded guilty to this charge and received six months' imprisonment.

Prior to the Government putting on its case, Defendant entered a plea of true to the one violation. The Court recommends that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months with twenty-six (26) months of supervised release to follow. It is also recommended that Defendant be housed in the Bureau of Prisons, Carswell/Fort Worth Unit. The Court further recommends the following conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

It is further ordered that the defendant pay restitution in the amount of $39,605.48 to the victim listed in the "Victim Impact" section of the Presentence Report. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the Fines and Restitution Section, U.S. Courts, 1910 ESE Loop 323 #287, Tyler, Texas 75701. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 5 days of receipt.

It is further ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately, payable by cashier's check or money order made out to the United States District Court and forwarded to the Fines and Restitution Section, U.S. Courts, 1910 ESE Loop 323 #287, Tyler, Texas 75701.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments, and her efforts to obtain and maintain lawful employment.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing.

Defendant and the Government also waived their right to file objections.

**SIGNED this 15th day of January, 2013.**


AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE